UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMOND L. SANDERS,**<br><br>    Plaintiff,<br><br>        v.<br><br>**CHARLES P. MURDTER,**<br><br>    Defendant. | Civil Action No. 11-540 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Raymond L. Sanders brings this action against Defendant Charles P. Murdter, an attorney who was appointed to represent Plaintiff in a criminal case in the District of Columbia Superior Court. According to the Complaint, Defendant "violat[ed] plaintiff's constitutional rights to legal representation and due process of law." Compl. at 1. Defendant has now moved to dismiss on a number of grounds, including lack of federal subject-matter jurisdiction. As the Court agrees that Plaintiff has not sufficiently established such jurisdiction, it will grant the Motion and dismiss the case.

### I.   Background

The Complaint, which must be presumed true at this stage, alleges that on September 24, 2009, Defendant was appointed to represent Plaintiff in his criminal case in Superior Court, wherein he was charged with (1) second-degree burglary, (2) destroying property, and (3) attempted second-degree burglary. Id. at 2. Plaintiff alleges that he made a number of requests regarding the pretrial investigation, but Defendant only performed one of the tasks. Id. at 2, 4. Defendant also failed to inform Plaintiff of the progress he was making in his investigation, and, despite Plaintiff's repeated attempts to contact Defendant, Murdter did not communicate with

Plaintiff after their initial meeting until "two days prior to trial." Id. at 3-4. During the trial, the government presented a number of "surprise witnesses," and Defendant failed to put the government's evidence through an "adversarial test." Id. at 6-15.

Plaintiff was ultimately convicted of "second degree burglary, malicious destruction of property (felony)[,] and attempted second degree theft," and he was sentenced on March 24, 2010, to a term of two years in prison. See Mot., Exh. 1 (Electronic Docket Sheet in United States v. Raymond L. Sanders, Case No. 2008-CF2-26090) at 2. Plaintiff appealed his convictions to the District of Columbia Court of Appeals, where he contended that the "evidence at trial was insufficient to support [his convictions]" and that "he was denied the effective assistance of counsel …." See Mot., Exh. 2 (Memorandum Opinion and Judgment in Raymond L. Sanders v. United States, No. 10-CF-480) at 1. The Court of Appeals rejected Plaintiff's claim of ineffective assistance of counsel and affirmed his convictions. Id. at 2. After this unsuccessful appeal, Plaintiff filed a § 23-110 motion to vacate his conviction on July 18, 2011. See Docket Sheet at 1. During the pendency of that proceeding, Plaintiff brought the instant civil action here asserting violations of his Fifth and Sixth Amendment rights. Compl. at 1, 18. Plaintiff then filed a motion to withdraw his § 23-110 motion in Superior Court so that this Court would let this civil case proceed, and the Superior Court granted that request on March 22, 2012. See Docket Sheet at 1. Defendant has now submitted the current Motion to Dismiss, which argues lack of subject-matter jurisdiction.

**II.   Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior,

231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)).  Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  Jerome Stevens Pharmaceuticals, Inc. v. F.D.A., 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case — a dismissal under Rule 12(b)(1) on ripeness grounds — the court may consider materials outside the pleadings"); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

**III.   Analysis**

While pointing out numerous defects with the causes of action in Plaintiff's Complaint, Defendant principally argues that the Court lacks subject-matter jurisdiction over the entire case.  "Subject matter jurisdiction 'is, of necessity, the first issue for an Article III court,' for '[t]he federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds.'"  Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004) (quoting Tuck v. Pan Am. Health Org., 668 F.2d 546, 549 (D.C. Cir. 1981)); see also Am. Farm Bureau v. EPA, 121 F. Supp. 2d 84, 90 (D.D.C. 2000) ("The court cannot address any issue if it lacks subject matter jurisdiction . . . .").  The Court,

therefore, will address this ground for dismissal first. Because it concludes that no subject-matter jurisdiction exists here, it will grant Defendant's Motion.

The sole basis upon which Plaintiff explicitly grounds his assertion of subject-matter jurisdiction is a violation of his Fifth and Sixth Amendment rights under the Constitution. See Compl. at 1 (citing 28 U.S.C. § 1331). (Neither diversity jurisdiction nor the citizenship of the parties is ever mentioned.) Although Plaintiff does not cite 42 U.S.C. § 1983 in his Complaint, the Court presumes this is the cause of action he intends. This statute reads: "Every person who, under color of [state law] … [subjects] … any citizen of the United States … to the deprivation of any rights … shall be liable to the party injured …." 42 U.S.C. § 1983. This statute thus permits a person who has been deprived of his constitutional rights to seek redress, but only if the person who caused the deprivation was acting under color of state law.

The question, therefore, is whether a court-appointed lawyer is acting under color of state law when representing a defendant in a state criminal proceeding. The Supreme Court has answered this question in the negative. In Polk County v. Dodson, 454 U.S. 312 (1981), the Court held that a public defender is not subject to liability when she is "performing a lawyer's traditional functions as counsel" because the attorney "does not act under color of state law." Id. at 324-25. The Court found that when a public defender makes "hiring and firing decisions on behalf of the State" or is "performing certain administrative and possibly investigative functions" related to the State, then the public defender would be acting under the color of state law. Id. at 324-25. If, however, the public defender is "exercising her independent professional judgment in a criminal proceeding," then she is performing her traditional functions as counsel and is not liable under § 1983. Id. at 324.

In the present case, Defendant is not even a public defender employed by the state; instead, he is a private lawyer appointed under the Criminal Justice Act. Therefore, Murdter is one step removed from the public defender in Polk County, who was employed by the state and still found not to be liable under § 1983. As Defendant was also exercising his "independent professional judgment in the criminal proceeding," he, too, cannot be sued under this statute. Section 1983, therefore, cannot be the basis to establish jurisdiction here.

It is unclear whether Plaintiff is bringing a common-law claim for legal malpractice in addition to his constitutional claims. See Compl. at 1, 18. To the extent he is, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over such a claim. Federal district courts are given supplemental (or "pendent") jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction. 28 U.S.C. § 1367(a). By the same token, they "may decline to exercise supplemental jurisdiction over [such] claim[s] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" § 1367(c)(3). The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), quoted in Shekoyan v. Sibley Int'l, 409 F.3d 414, 423 (D.C. Cir. 2005). When deciding whether to exercise supplemental jurisdiction over state claims, federal courts should consider "judicial economy, convenience and fairness to litigants." Id. Nonetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S.

343, 350 n.7 (1988); see also Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1267 (D.C. Cir. 1995) (finding the discretion set out in Carnegie-Mellon Univ. "unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990").

Here the factors weigh against retention of the case. All federal claims against Defendant are being dismissed. This case has not progressed in federal court past Defendant's Motion to Dismiss, and the Court has developed no familiarity with the issues presented. Cf. Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370, 378 (D.C. Cir. 2010) (finding that district court appropriately retained pendent jurisdiction over state claims where it had "invested time and resources" in the case). The Court can thus conceive of no undue inconvenience or unfairness to the litigants that would result from such a decision. Finally, Plaintiff will not be prejudiced because 28 U.S.C. § 1367(d) provides for a tolling of the statute of limitations during the period the case was here and for at least 30 days thereafter. See Shekoyan, 409 F.3d at 419 (affirming district court finding that because of this tolling, dismissal of pendent state claims "will not adversely impact plaintiff's ability to pursue his District of Columbia claims in the local court system.") (internal citation omitted). Therefore, to the extent the statute of limitations had not already run on Plaintiff's common-law claim at the time he filed this suit, this Court's decision to decline to exercise supplemental jurisdiction over such claim will not prejudice him. The Court, therefore, will dismiss any legal-malpractice claim without prejudice, and Plaintiff may bring such claim, if not barred, in the appropriate state or local court.

## IV.     Conclusion

The Court will, therefore, issue a contemporaneous Order that grants Defendant's Motion, dismisses Plaintiff's constitutional claims with prejudice, and dismisses any remaining

common-law claim without prejudice to be refiled, should he desire, in the appropriate state or local court.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: June 21, 2012